1  Stephen G. Larson (SBN 145225)
   *slarson@larsonllp.com*
2  Hilary Potashner (SBN 167060)
   *hpotashner@larsonllp.com*
3  A. Alexander Lowder (SBN 269362)
   *alowder@larsonllp.com*
4  **LARSON LLP**
   555 South Flower Street, Suite 4400
5  Los Angeles, California 90071
   Telephone:  (213) 436-4888
6  Facsimile:  (213) 623-2000

7  Attorneys for Defendants
   SCUDERIA DEVELOPMENT, LLC,
8  1001 DOUBLEDAY, LLC,
   VON KARMAN - MAIN STREET, LLC,
9  and 10681 PRODUCTION AVENUE, LLC

10 ROBERT F. RUYAK *(Pro Hac Vice)*
   *robertr@ruyakcherian.com*
11 **RUYAKCHERIAN LLP**
   1901 L Street NW, Suite 700
12 Washington, DC  20036
   Telephone:  202-838-1560
13
   Attorneys for Defendants
14 PERFECTUS ALUMINIUM INC.,
   aka "Perfectus Aluminum Inc.," and
15 PERFECTUS ALUMINUM ACQUISITIONS LLC

16            UNITED STATES DISTRICT COURT

17      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 18 UNITED STATES OF AMERICA, | Case No. 19-cr-00282 RGK |
| 19              Plaintiff, | *Hon. R. Gary Klausner, Ctrm. 850* |
| 20       vs. | **WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF *CROSS-MOTION* TO EXCLUDE EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS** |
| 21 ZHONGTIAN LIU, | |
|        aka "Liu Zhongtian," | |
| 22      aka "Chairman," | Trial Date:      August 10, 2021 |
|        aka "Uncle Liu," | |
| 23      aka "UL," | |
|        aka "Big Boss," | |
| 24 CHINA ZHONGWANG HOLDINGS | |
|   LIMITED, | |
| 25      aka "ZW," | |
|        aka "Mother Ship," | |
| 26 ZHAOHUA CHEN, | |
|        aka "Chen Zhaohua," | |
| 27      aka "Uncle Chen," | |
|   XIANG CHUN SHAO, | |
| 28      aka "Johnson Shao," | |

1   PERFECTUS ALUMINIUM, INC.,
         aka Perfectus Aluminum Inc.,"
2   PERFECTUS ALUMINUM
    ACQUISITIONS, LLC,
3   SCUDERIA DEVELOPMENT, LLC,
    1001 DOUBLEDAY, LLC,
4   VON KARMAN - MAIN STREET,
    LLC, and
5   10681 PRODUCTION AVENUE,
    LLC,
6
         Defendants.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON LLP
LOS ANGELES
WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO EXCLUDE
EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS

## I.    <u>INTRODUCTION</u>

For the reasons addressed in Defendants' cross-motion (ECF No. 209) and those set forth herein, the Court should also exclude the Scope Determinations as an impermissible constructive amendment and as irrelevant, inadmissible and unduly prejudicial under Federal Rules of Evidence 401, 402 and 403.

## II.    <u>ARGUMENT</u>

The Indictment alleges, and provided Defendants notice of, a single theory as to the government's basis for the charged customs fraud violations: that the products at issue, aluminum pallets, were "nothing more than aluminum extrusions that had been tack-welded together" to look like pallets, but were not real pallets or "finished merchandise." (Indictment, ¶¶ 33(y), 33(aa), 33(cc)).  It further identifies this claim as one of "fraudulent concealment."  (*Id*. at ¶ 33a.(ii)).  Notwithstanding, the government now seeks to amend the Indictment to argue a substantially different customs fraud theory: that the imported pallets were within the scope of the 2011 AD/CVD Orders and did not qualify for the "finished merchandise" exclusion because the pallets consisted entirely of aluminum extrusions and were not made up of both aluminum extrusion and non-aluminum extrusion parts.  (Gov't Opp. at 1:5-8, 4:22-5:6.)  This new theory, wholly outside of the Indictment, is clearly based on the findings set out in the Scope Determinations made by the DOC in 2017, the CIT in 2019 and the Federal Circuit in 2020 (*i.e.*, decisions issued *years* after the imports charged in the Indictment ceased in 2014), and is the only reason the government seeks to introduce the irrelevant and inadmissible Scope Determinations at trial.  To allow the government to introduce the Scope Determination into evidence to advance this new theory would be a clear violation of Defendants' constitutional rights and an impermissible attempt to constructively amend the Indictment.

The Fifth Amendment guarantees a criminal defendant the right to stand trial only on charges made by a grand jury in its indictment.  *See United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir. 2002).  As such, the government is prohibited from

LARSON LLP
LOS ANGELES

WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO EXCLUDE
EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS

amending—constructively or literally—the substance of an indictment.  *See United States v. Vail*, 101 Fed. Appx. 190, 192 (9th Cir. 2004); *see also Russell v. United States*, 369 U.S. 749, 770 (1962). ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.")  Relevant here, a constructive amendment occurs either where (i) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument; or (ii) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved.  *See United States v. Adamson*, 291 F. 3d 606, 615 (9th Cir. 2002).

     As reflected in the Indictment, the grand jury charged defendants with customs fraud based on the government's theory that the aluminum pallets were "tack-welded" extrusions designed to look like pallets.  (Indictment, ¶ 33(y)).  Now the government seeks to introduce the Scope Determinations to support an entirely different theory in an obvious attempt to mislead the jury to deferring to these post hoc administrative and judicial decisions in order for the government to rely on this "suggestive short cut" to prove its case.  *See United States v. Sine*, 493 F.3d 1021, 1031 (9th Cir. 2007); *see also United States v. Shipsey*, 190 F.3d 1081 (9th Cir. 1999) (finding constructive amendment where theory of theft in jury instructions differed from theory in indictment).  Here, it is impossible to know whether the grand jury would have indicted defendants on the theory that the defendants knew that the forms submitted through a customhouse were false because the pallets were comprised entirely of aluminum extrusions.

     In its opposition, the government concedes that it had notice of this theory beginning in or around December 7, 2017 based on Commerce's scope ruling regarding defendants' pallets made of series 1xxx aluminum alloy.  (*See* Gov't Opp. at 1: 24-28.)  This occurred two-and-a-half years before the Indictment was filed on

LARSON LLP
LOS ANGELES

WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO EXCLUDE
EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS

May 7, 2019.  (ECF No. 1.)  Yet, the government failed to include this alternative theory in the Indictment.  Therefore, the Court should bar the government from introducing the Scope Determinations to advance its new theory at trial, because allowing the government to belatedly raise this theory would amount to a violation of defendants' constitutional rights to be tried only on those allegations appearing in the Indictment.  *See United States v. Liang Chen*, 2020 WL 6342931, at *3 (N.D. Cal. Oct. 29, 2020) (barring the government from relying on an argument at trial which the court held constituted a constructive amendment).  Accordingly, Defendants respectfully request that the Court issue an order barring the government from presenting any factual theory of customs fraud beyond the "tack-welded to look like pallets" argument alleged in the Indictment.  For this reason and the reasons addressed in Defendants' cross-motion (ECF No. 209), the Court should also exclude all evidence and argument related to the Scope Determinations as irrelevant, inadmissible and unduly prejudicial under Federal Rules of Evidence 401, 402 and 403.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO EXCLUDE EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS

1

## III.    <u>CONCLUSION</u>

2    For the foregoing reasons, the Court should deny the government's motion *in*

3  *limine* No. 2 in its entirety, and issue an order excluding the government from making

4  any reference to the Scope Determinations at trial.

5

6  Dated:  August 2, 2021          LARSON LLP

7

8                    By:    _____*/s/ Hilary Potashner*[1]_____

9                         Stephen G. Larson
                          Hilary Potashner
                          A. Alexander Lowder
10                        Attorneys for Defendants
                          SCUDERIA DEVELOPMENT, LLC,
11                        1001 DOUBLEDAY, LLC,
                          VON KARMAN - MAIN STREET, LLC, and
12                        10681 PRODUCTION AVENUE. LLC

13  Dated:  August 2, 2021          RUYAKCHERIAN LLP

14

15

16                   By:    _____*/s/ Robert F. Ruyak*_____

17                        Robert F. Ruyak

18                        Attorneys for Defendants
                          PERFECTUS ALUMINIUM INC., aka
                          "Perfectus Aluminum Inc.," and PERFECTUS
19                        ALUMINUM ACOUISITIONS LLC

20

21

22

23

24

25

26

27

28

---

[1]  Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.

LARSON LLP
LOS ANGELES

6
WAREHOUSE AND PERFECTUS DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO EXCLUDE
EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS