Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Hilary Potashner (SBN 167060)
hpotashner@larsonllp.com
A. Alexander Lowder (SBN 269362)
alowder@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:  (213) 436-4888
Facsimile:   (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC,
and 10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
robertr@ruyakcherian.com
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>ZHONGTIAN LIU,<br>    aka "Liu Zhongtian,"<br>    aka "Chairman,"<br>    aka "Uncle Liu,"<br>    aka "UL,"<br>    aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>    aka "ZW,"<br>    aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>    aka "Chen Zhaohua,"<br>    aka "Uncle Chen," | Case No. 19-cr-00282 RGK<br><br>*Assigned to the Hon. R. Gary Klausner, Ctrm. 850*<br><br>**PERFECTUS AND WAREHOUSE DEFENDANTS' OPPOSED *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE TRIAL DATE**<br><br>[*Filed concurrently with Declaration of Hilary Potashner; (Proposed) Order*]<br><br>Trial Date:        August 10, 2021 |

| | |
|---|---|
| 1 | XIANG CHUN SHAO, |
|   |     aka "Johnson Shao," |
| 2 | PERFECTUS ALUMINIUM, INC., |
|   |     aka Perfectus Aluminum Inc.," |
| 3 | PERFECTUS ALUMINUM |
|   | ACQUISITIONS, LLC, |
| 4 | SCUDERIA DEVELOPMENT, LLC, |
|   | 1001 DOUBLEDAY, LLC, |
| 5 | VON KARMAN - MAIN STREET, |
|   | LLC, and |
| 6 | 10681 PRODUCTION AVENUE, LLC, |
| 7 |         Defendants. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman – Main Street, LLC and 10681 Production Avenue, LLC (the "Warehouse Defendants") and Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC ("Perfectus Defendants") (collectively, "Defendants") by and through their attorneys of record, Hilary Potashner and Robert F. Ruyak, respectively, here apply *ex parte* to the Court for an order continuing the trial date from August 10, 2021 to November 8, 2021.

This application is based on the attached memorandum of points and authorities, the Declaration of Hilary Potashner, all files and records in this case, and any such further information as may be provided to the Court regarding the application.

On August 3, 2021, Defendants' counsel sent an email to the government informing the government of Defendants' intent to file this *ex parte* application in light of the government's multiple late discovery disclosures. The same day, the government wrote: "The government objects to this last-minute request for a continuance of the trial date made just one day after the government, at defendants' request, provided the defense its exhibit and witness lists. The request for a continuance is unjustified and without a credible basis and should be denied by the Court. The government intends to file a written opposition."

| | | |
|---|---|---|
| Dated: August 4, 2021 | | LARSON LLP |

By: /s/ Hilary Potashner[1]
 Stephen G. Larson
 Hilary Potashner
 A. Alexander Lowder

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC, and
10681 PRODUCTION AVENUE, LLC

Dated: August 4, 2021 RUYAKCHERIAN LLP

By: /s/ Robert F. Ruyak
 Robert F. Ruyak

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

---

[1] Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is currently set for jury trial in six days.  From the outset, the government has recognized that this is an unusual and complex case.  (ECF No. 20.)  For this reason and "due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendants," on April 26, 2021, the government, together with Defendants, filed a stipulation to continue the trial date to January 18, 2022.  (ECF No. 180.)  Although the Court denied this request to continue the trial date, good cause now exists to continue the trial date from August 10, 2021 to November 30, 2021.

Since the Court denied the parties' stipulation on April 30, 2021 (ECF No. 181), the government has made fifteen additional discovery productions comprised of 6,880 documents totaling 129,025 pages.  (Declaration of Hilary Potashner ("Potashner Decl."), ¶¶ 4-5.)  Given the overwhelming amount of documents recently produced by the government and the mere days before trial, Defendants will be unfairly prejudiced absent a continuance.  There is simply not enough time to allow Defendants' counsel to review thousands of documents while simultaneously preparing Defendants' defense and the other required pretrial filings.  (*Id*. at ¶ 9.)

Unlike the government, Defendants' counsel did not have years to investigate, compile and review these documents.  Instead, at no fault of their own and only as a consequence of the government's belated discovery productions, Defendants' counsel is now placed in an impossible position if forced to review *thousands* of documents in order to effectively defend Defendants at trial despite only having these documents for a handful of days.  The Court should not condone the government's dilatory discovery practices, which are clear violations of Defendants' rights under the Sixth Amendment.

For the reasons discussed herein, the Court should grant Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman – Main Street, LLC and 10681 Production Avenue, LLC and Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC (collectively, "Defendants") *ex parte* application for an order continuing the trial date from August 10, 2021 to November 30, 2021 in order to allow Defendants' counsel adequate time to prepare a defense in this case as required by the Sixth Amendment,

## II.  ARGUMENT

The Sixth Amendment protects a criminal defendant's "rights to notice, confrontation, and compulsory process," and "guarantee[s] that a criminal charge may be answered in a manner now considered fundamental to the fair administration of American justice—through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence." *Faretta v. California*, 422 U.S. 806, 818 (1975).  The right to effective assistance of counsel under the Sixth Amendment also "plays a crucial role in the adversarial system embodied in the Sixth Amendment since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quotations and citations omitted).

Absent a continuance, Defendants will be effectively deprived of their Sixth Amendment rights.  *United States v. Govey*, 284 F. Supp. 3d 1054 (C.D. Cal. 2018) is instructive.  In *Govey*, the defendant moved to dismiss the Indictment after the government—within the span of a week and five days before trial—produced 75,000 documents to defendant's counsel, while also withholding an additional 20,000 documents not previously produced to defendant's counsel.  *Govey*, 284 F. Supp. 3d at 1060-61.  In response, defendant's counsel informed the court that, given the volume of documents, it would not be possible to complete his review of the belatedly produced documents before trial.  *Id*.  The *Govey* court

granted defendant's motion to dismiss, finding that the government's late disclosure of almost 100,000 documents "made it impossible to review the material evidence and use it against the key trial witnesses." *Id*. at 1063. The court reasoned that the government's late disclosure left the defendant with two options: "continue the trial, and give up his Sixth Amendment right to a speedy trial; or proceed with trial, and give up his Sixth Amendment rights to confrontation, compulsory process, and effective assistance of counsel." *Id*. Concluding that either option would deny the defendant his constitutional rights under the Sixth Amendment and the fair administration of justice, the court found that the defendant had clearly suffered substantial prejudice by the government's actions. *Id*. at 1063-1064. The *Govey* court further noted that a "continuance of six days would not have afforded [d]efense counsel adequate time to review the 75,000 material documents, plus the 20,000 potentially discoverable documents …." *Id*. at 1064.

Following *Govey*, the Court should grant Defendants' *ex parte* application for an order continuing the trial date from August 10, 2021 to November 30, 2021. From May 26, 2021 through August 3, 2021, the government has produced 129,025 pages of documents for Defendants' counsel to review prior to trial. (Potashner Decl., ¶¶ 4-5.) Significantly, this is the same time frame in which Defendants' counsel drafted, researched, prepared and filed: (i) briefing in support of Defendants' motion to dismiss the Indictment; (ii) opposition motions to the government's various motions in *limine*; (iii) Defendants' own motions *in limine*; and (iv) Defendant's notice of estoppel by entrapment defense. (*See* ECF No. 186, 190, 207, 208, 209, 210, 211, 218, 219.) Like *Govey*, the government's belated discovery productions place Defendants and Defendants' counsel in an impossible situation, preventing Defendants' counsel sufficient time to adequately review hundreds of thousands of documents in order to prepare an effective defense. In this regard, the government's late disclosure also forecloses Defendants' counsel from determining whether the government withheld exculpatory evidence.

Unless a continuance is granted, Defendants will have no choice but to proceed with trial without their counsel having an adequate opportunity to review over 100,000 pages of documents that the government intends to rely on at trial. Therefore, because this would result in a violation of Defendants' Sixth Amendment rights and Defendants would be substantially prejudiced absent a continuance, good cause exists to grant Defendants' *ex parte* application.  *See Ungar v. Sarafite*, 376 U.S. 575, 589–90 (1964) (noting that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality"); *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995) (a continuance is warranted when the aggrieved party's right to present its case will be affected by the failure to grant a continuance).

On August 3, 2021, the government notified Defendants' counsel that it intends to file a written opposition to the instant *ex parte* application.  (Potashner Decl., ¶ 10.)  Specifically, the government stated that it "objects to this last-minute request for a continuance of the trial date made just one day after the government, at defendants' request, provided the defense its exhibit and witness lists.  The request for a continuance is unjustified and without a credible basis and should be denied by the Court.  The government intends to file a written opposition."  (*Id.*)

The Court should not be persuaded by the government's position that this *ex parte* application is "unjustified" because the government provided its draft exhibit and witness lists to Defendants' counsel one day prior.  The government's draft exhibit list, which is subject to change, contains a total of 503 separate documents.  (*Id.* at ¶¶ 6-7.)  The government, however, failed to identify 197 of these documents by Bates-number, leaving Defendants' counsel to guess as to the precise document the government is identifying.  Further, while the government agreed to produce all of these exhibits, the government did not produce 304 of the 503 exhibits, forcing Defendants' counsel to locate these missing exhibits out of a sea of 2,831,921 pages of documents produced in this case.  (*Id.*)  Likewise, the

4

PERFECTUS AND WAREHOUSE DEFENDANTS' OPPOSED *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE TRIAL DATE

government's draft witness list, also subject to change, names 44 witnesses. (*Id*. at ¶ 8.)  Out of these 44 witnesses, the government has produced additional documents related to 30 of these witnesses within the last two weeks.  (*Id*.)

## III. CONCLUSION

For the foregoing reasons, good cause exists for the Court to issue an order continuing the trial from August 10, 2021 to November 8, 2021.

Dated:  August 4, 2021          Respectfully submitted,

LARSON LLP

By: _____/s/ Hilary Potashner_____
Stephen G. Larson
Hilary Potashner
A. Alexander Lowder

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC, and
10681 PRODUCTION AVENUE. LLC

Dated:  August 4, 2021          RUYAKCHERIAN LLP

By: _____Robert F. Ruyak_____
Robert F. Ruyak

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC