TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719/0600/3183
    Facsimile: (213) 894-6269
    E-mail:   poonam.kumar@usdoj.gov
              roger.hsieh@usdoj.gov
              gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ZHONGTIAN LIU, <br> aka "Liu Zhongtian," <br> aka "Chairman," <br> aka "Uncle Liu," <br> aka "UL," <br> aka "Big Boss," <br> CHINA ZHONGWANG HOLDINGS <br>    LIMITED, <br> aka "ZW," <br> aka "Mother Ship," <br> ZHAOHUA CHEN, <br> aka "Chen Zhaohua," <br> aka "Uncle Chen," <br> XIANG CHUN SHAO, <br> aka "Johnson Shao," <br> PERFECTUS ALUMINIUM INC., <br> aka "Perfectus Aluminum Inc.," <br> PERFECTUS ALUMINUM <br>    ACQUISITIONS, LLC, <br> SCUDERIA DEVELOPMENT, LLC, <br> 1001 DOUBLEDAY, LLC, <br> VON KARMAN – MAIN STREET, LLC, | No. CR 19-282-RGK <br><br> <u>PARTIES' JOINT STATEMENT OF</u> <u>DISPUTED FACTUAL AND LEGAL ISSUES</u> <br><br> Trial Date:  August 10, 2021 <br> Trial Time:  9:00 a.m. <br> Location:    Courtroom of the <br>                  Hon. R. Gary <br>                  Klausner |

```
     and
10681 PRODUCTION AVENUE, LLC,

          Defendants.
```

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Gregory D. Bernstein, and defendants Perfectus Aluminium Inc., also known as "Perfectus Aluminum Inc." and Perfectus Aluminum Acquisitions, LLC (collectively, the "Perfectus defendants"), by and through their counsel of record, Robert Ruyak; Scuderia Development, LLC; 1001 Doubleday, LLC; Von Karman-Main Street, LLC; and 10681 Production Avenue, LLC (collectively, the "Warehouse defendants"), by and through their counsel of record, Stephen Larson, Hilary Potashner, and A. Alexander Lowder (collectively, the "parties") hereby files its Joint Statement of Disputed Factual and Legal Issues.

| | |
|---|---|
| Dated: August 5, 2021 | Respectfully submitted, |
| | TRACY L. WILKISON<br>Acting United States Attorney |
| | SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | */s/ Poonam G. Kumar*<br>ROGER A. HSIEH<br>POONAM G. KUMAR<br>GREGORY D. BERNSTEIN<br>Assistant United States Attorneys |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

/s/ (per email authorization)

```
                                        ROBERT RUYAK
                                        Attorney for
                                        The Perfectus Defendants


/s/ (per email authorization)
                                        HILARY POTASHNER
                                        Attorney for
                                        The Warehouse Defendants
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

The parties anticipate a number of disputed factual and legal issues will be raised throughout trial. The parties have listed the anticipated and known issues below. However, there may be others that arise during the course of trial. The parties reserve the right to raise other factual and legal issues as the parties deem appropriate.

**DISPUTED FACTUAL ISSUES**

The parties have met and conferred and have not been able to reach stipulations regarding any factual and evidentiary issues, including: (1) the authenticity of business records for which there are 902(11) certifications; (2) the authenticity of documents seized from defendants' businesses; (3) the accuracy of emails translated from Mandarin to English by a certified translator; (4) the chemical composition of the aluminum pallets at issue in this case; and (5) the historical price of defendant China Zhongwang's stock as reported by Bloomberg. Several of these issues have been briefed for the Court as further described below. If needed, the government will call witnesses to establish the authenticity of documents and testify to the facts described above.

The parties also anticipate there will be many factual disputes at trial as defendants contest many of the factual allegations in the indictment.

**DISPUTED LEGAL ISSUES**

The parties anticipate the following disputed legal issues at trial. For several of the anticipated disputed legal issues, the parties have provided briefing to the Court.

A.  **Motions in Limine**:

1. Government's Motion in Limine No. 1 to Preclude Argument Related to Harm AD/CVD Orders Were Intended to Address (Dkt. 192 [Motion]; Dkt. 207 [Opposition]; Dkt. 213 [Reply]).

2. Government's Motion in Limine No. 2 to Exclude Arguments that Pallets Fell Outside the Scope of the 2011 AD/CVD Orders and Request for a Jury Instruction Consistent with Binding Authority (Dkt. 194 [Motion]; Dkt. 209 [Opposition]; Dkt. 216 [Reply]).

3. Government's Motion in Limine No. 3 to Admit Pre-Trial Self-Authenticating Foreign Records (Dkt. 195 [Motion]; Dkt. 208 [Opposition]; Dkt. 214 [Reply]).

4. Government's Motion in Limine No. 4 to Admit Pre-Trial Certified Copies of Defendants' Statements (Dkt. 196 [Motion]; Dkt. 210 [Opposition]; Dkt. 215 [Reply]).

5. Defendants' Cross-Motion in Limine to Exclude Evidence Regarding Scope Ruling (Dkt. 209 [Motion]; Dkt. 216 [Opposition]; Dkt. 222 [Reply]).

6. Government's Motion in Limine to Admit Pre-Trial Self-Authenticating Business Records (Dkt. 217 [Motion], Opposition Pending).

7. Defendants' Motion in Limine No. 1 to Exclude Hearsay, Irrelevant, and Unduly Prejudicial Materials (Dkt. 218 [Motion]; Opposition Pending).

8. Defendants' Motion in Limine No. 2 to Exclude Government's Proffered Rule 404(b) Evidence (Dkt. 219 [Motion], Opposition Pending).

B.   Other Disputed Legal Issues

1.   Jury Instructions: The parties have a number of anticipated legal disputes about the appropriate jury instructions in this case. The parties have prepared a joint memorandum of law regarding the disputed jury instructions. Defendants reserve the right to submit supplemental jury instructions as they deem appropriate.

2.   Equitable Estoppel Defense: On July 21, 2021, the Perfectus and Warehouse defendants provided notice to the government of its intent to raise an entrapment by estoppel defense "in an abundance of caution" under Federal Rule of Criminal Procedure 12.3 (Dkt. 211). On July 30, 2021, the government objected to defendants' notice as deficient because it failed to identify the "agency member on whose behalf the defendant claims to have acted" as required under Rule 12.3(a)(2)(B) and the notice was untimely under Rule 12.3(a)(3) which requires a government response "no later than 21 days before trial" which was impossible with an August 10, 2021, trial date. See also United States v. Theunick, 651 F.3d 578, (6th Cir. 2011) (Rule 12.3 notice for entrapment by estoppel defense deficient because defendant "failed to specify in the notice the official he claims to have relied upon"); United States v. Jackson, 1998 WL 149586, at *3-4 (N.D. Ill. Mar. 24, 1998) (distinguishing between public authority and entrapment by estoppel defenses, noting that Rule 12.3 applies to entrapment by estoppel).

Notice issues aside, an equitable estoppel defense requires the following: that (1) an "authorized government official" who was empowered to render the claimed erroneous advice; (2) "who has been made aware of all the relevant historical facts," (3) affirmatively told defendants the proscribed conduct was permissible; (4)

1  defendants relied on the false information; and (5) defendants'
2  reliance was reasonable. United States v. Batterjee, 3651 F.3d 1210
3  (9th Cir. 2004) (citations and certain quotations omitted).
4      The government's objections to Defendants' notice of their
5  entrapment by estoppel defense is misplaced. As a threshold matter,
6  the government has had notice of the substance of this defense for
7  nearly a full year. In an August 28, 2020 letter, Defendants advised
8  the government that "it will be more than challenging for the
9  government to prove that [Defendants] should have known that the
10 Orders applied back in 2011 to 2015, when the government itself had
11 expressly concluded otherwise until 2017—after multiple inspections,
12 liquidations, and a comprehensive formal audit." Moreover, the
13 government's reliance on Rule 12.3(a)(2)(b) is misplaced. That
14 provision requires notice only "if a defendant intends to assert a
15 defense of actual or believed exercise of public authority on behalf
16 of a law enforcement agency or federal intelligence agency at the
17 time of the alleged offense . . . ." While the government complains
18 that Defendants did not identify the agency member on whose behalf
19 the defendant claims to have acted, Defendants' notice clearly stated
20 that Defendants do not know the identity of any relevant agency
21 members. (See Dkt. 211; Ex. A.) Moreover, because Defendants do not
22 assert a public-authority defense in these proceedings, the
23 government's objection misses the mark.
24      Rather, Defendants assert entrapment by estoppel, a distinct
25 defense. United States v. Burt, 410 F.3d 1100, 1104 at n. 2 (9th Cir.
26 2005) ("We note that the difference between the defenses
27 of entrapment by estoppel and public authority are not great;
28 however, there are some differences between the defenses. The defense

4

of entrapment by estoppel is available when a government official commits an error and the defendant relies on the error and thereby violates the law. The public authority defense is available when a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense by relying on the government official.") (Internal citations removed).

The language of Rule 12 is unambiguous: it applies only to a public authority defense. United States v. Pitt, 193 F.3d 751, 758 at n. 8 (3rd Cir. 1999) (Overruled in part on other grounds) ("The requirement of pre-trial notice as to a defense based on government authority, alibi, and insanity entitles the government to be prepared for such a defense. Curiously, we find no requirement that a defense based on entrapment by estoppel be the subject of similar pre-trial notice and accompanying requirements.")

In any event, the government fails to—and cannot—identify any prejudice or harm stemming from the timing of Defendants' notice. Again, the government has been aware of the substance of Defendants' entrapment by estoppel defense for over a year. Moreover, the government fails to acknowledge that all of the witnesses identified by Defendants that may provide testimony related to the defense were already known to the government. Indeed, the government interviewed each of the identified witnesses several times. Accordingly, for multiple reasons, the government's objection is not well-taken.

3. <u>Expert Witnesses</u>: The parties have met and conferred regarding the scope of testimony of expert witnesses and requested supplemental disclosures of certain expert witnesses. The parties

5

reserve their rights to object at trial or otherwise move to exclude all or parts of the expert's testimony.