TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>ZHONGTIAN LIU,<br>　aka "Liu Zhongtian,"<br>　aka "Chairman,"<br>　aka "Uncle Liu,"<br>　aka "UL,"<br>　aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>　　LIMITED,<br>　aka "ZW,"<br>　aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>　aka "Chen Zhaohua,"<br>　aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>　aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM Inc.,<br>　aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM<br>　　ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>　　and | No. CR 19-282-RGK<br><br><u>GOVERNMENT'S MOTION TO EXCLUDE<br>DEFENSE EXPERT JOHN PETERSON</u> |

10681 PRODUCTION AVENUE, LLC,

      Defendants.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Poonam G. Kumar, Roger A. Hsieh, and Gregory Bernstein, moves to exclude the testimony of proposed defense expert John Peterson.

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 18, 2021         Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Gregory D. Bernstein
GREGORY BERNSTEIN
POONAM G. KUMAR
ROGER A. HSIEH
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government renews its motion to exclude proposed defense expert John Peterson ("Peterson"). On August 8, 2021 (less than 36 hours before trial), the defendants first disclosed Peterson as a potential expert. Peterson's CV aside, the expert disclosure was a half-page long and did not provide any information on what Peterson will say or what his opinions will be. (Ex. 1 (Aug. 8, 2021 expert disclosure of John Peterson.) The government then asked for a summary of Peterson's testimony, and the next day received the following response, which contains even less information:

> Mr. Peterson is an expert in the complex workings of the customs and tariff systems, including tariff classification and anti-dumping/countervailing duty application. Mr. Peterson will rely on the 2011 AD/CVD Orders, the 2017 Scope Ruling, and other publicly available scope rulings under the 2017 AD/CVD Orders. A full list of scope rulings under the 2011 Orders can be found at https://enforcement.trade.gov/download/prc-ae/scope/prc-ae-scope-index.html. Mr. Peterson will also be relying on his expertise as a basis for his testimony.

Thus, the defendants did not provide timely notice of their intent to call Peterson, and to this day, have not given the government a summary of the "witness's opinions," as Federal Rule of Criminal Procedure 16(a)(1)(G) requires.[1]

More disconcertingly, the defendants will apparently elicit legal conclusions from Peterson, who is a practicing attorney. For example, the original notice states that Peterson will "discuss the

---

[1] The government conferred briefly with defense counsel in person today (August 18, 2021), but is still in the dark on what testimony will be elicited from Peterson.

extent to which the classification of merchandise impacts the applicability of AD/CVD duties," the "rights and duties" of importers, the "extent to which parties may legitimately structure and manufacture products to minimize their liability," and how "the classification of goods is properly determined under the customs laws."

This testimony will undermine the Court's role as the sole arbiter of law and invariably confuse the jury, particularly since the narrow issue before the jury is whether the defendants knew the aluminum pallets were finished merchandise, as the Department of Commerce held, at the time of import.[2] Waite v. Gonzaga Univ., 2018 WL 8224945, at *1 (E.D. Wash. 2018) ("To the extent that [the expert] testimony involves opinions about alleged ADA violations it is unhelpful because each courtroom comes equipped with a legal expert called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.") (internal quotations omitted) (citing Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997); Marx & Co. v. Diners' Club, 550 F.2d 505, 509-10 (2nd Cir. 1977)).

---

[2] Moreover, when ruling on motions in limine, this Court held that the Department of Commerce's scope ruling is the controlling law on whether the aluminum pallets at issue were subject to the AD/CVD orders.